UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN JACKSON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br><br>CRESTWOOD MANAGEMENT, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, KEVIN JACKSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CRESTWOOD MANAGEMENT, LLC ("CRESTWOOD"), with its principal executive office located at 23550 Commerce Park Drive, Beachwood, Ohio 44122, its employees, agents, and successor, and JOHN DOES 1-25 (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. §1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).

## PARTIES

5. The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Middlesex and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant CRESTWOOD is a foreign limited liability company with its principal executive office located at 23550 Commerce Park Drive, Beachwood, Ohio 44122.

8. Upon information and belief, Defendant CRESTWOOD is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant CRESTWOOD is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection telephone communication from the Defendant, where Defendant never sent Plaintiff or the class members correspondence regarding the debt containing the required notices, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

> All New Jersey consumers who received initial communications from CRESTWOOD via telephone, concerning a debt owed to Byrom Medical Supplies, where CRESTWOOD did not send a written notice containing the required disclosures pursuant to 15 U.S.C. § 1692g(a)(3)(4)(5), within five (5) days of such communication.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received telephone calls from Defendant regarding the Byrom debt, where no debt collection letter(s) were ever sent to members of the Class, which violates specific provisions of the FDCPA.

3

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Sometime prior to December 6, 2014, Plaintiff allegedly incurred a financial obligation to Byrom Medical Supplies.

16. The Byrom obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes

17. The alleged Byrom obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Byrom is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. CRESTWOOD  contends that the Byrom debt is past due.

20. CRESTWOOD collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. At some time prior to December 6, 2014, CRESTWOOD contracted with Byrom to collect the Byrom debt.

22. On December 6, 2014 CRESTWOOD placed not one, not two but, incredibly, three separate phone calls to Plaintiff over the course of four hours during a Saturday morning/early afternoon in an attempt to collect the alleged Byrom debt.

23. Said phone calls were placed to Plaintiff by CRESTWOOD from the following telephone number belonging to CRESTWOOD: 800-242-4171.

24. The first phone call on December 6, 2014 from CRESTWOOD to Plaintiff occurred at 8:36a.m.

25. Plaintiff answered the 8:36a.m. telephone call.

26. The second phone call on December 6, 2014 from CRESTWOOD to Plaintiff occurred, barely a half hour later, at 9:08a.m.

27. Plaintiff also answered the 9:08a.m. telephone call.

28. The third phone call on December 6, 2014 from CRESTWOOD to Plaintiff occurred at 12:35p.m., merely fours after the first phone call.

29. Plaintiff also answered the 12:35p.m. telephone call

30. All of said telephone calls were made to Plaintiff by persons employed by CRESTWOOD as a "debt collector" as defined by 15 U.S.C. §1692a(6).

31. Said telephone calls were made to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

32. Said telephone calls were each a "communication" as defined by 15 U.S.C. §1692a(2).

33. Plaintiff never received any correspondence from CRESTWOOD regarding the alleged Byrom debt, which contained the required notices under the FDCPA.

### POLICIES AND PRACTICES COMPLAINED OF

34. It is CRESTWOOD's policy and practice to call consumers regarding a debt, without the consumer ever receiving correspondence from CRESTWOOD, which violates the FDCPA, by *inter alia*:

> (a) Failing to provide the proper debt collection notices;
>
> (b) Using false representation or deceptive means to collect or attempt to collect any debt;
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

36. On information and belief, Defendant placed telephonecommunications regarding a debt, where no correspondence containing the required FDCPA notices was ever received by at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g *et seq.*

37. Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were here set forth at length.

38. Collection letters and/or notices, or telephone calls such as those placed by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

40. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer *a written notice* containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (emphasis added)

42. Plaintiff never received any written correspondence or notice from CRESTWOOD containing the provisions pursuant 15 U.S.C §1692g(a)(3),(4)(5).

43. CRESTWOOD violated Section 1692g et seq. of the FDCPA by failing to provide written notice to Plaintiff regarding the Byrom debt which contained the required notices, which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

44. By reason thereof, CRESTWOOD is liable to Plaintiff for judgment that its conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

45. Plaintiff repeats the allegations contained in paragraphs 1 through 44 as if the same were here set forth at length.

46. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

47. CRESTWOOD violated Section 1692e(10) of the FDCPA by deceptively telephoning Plaintiff on three occasions, on the same day, regarding the Byrom debt without ever sending Plaintiff correspondence regarding the debt, which should have included various notices and rights pursuant to 15 U.S.C. §1692g(a)(3)(4)(5)..

48. By reason thereof, CRESTWOOD is liable to Plaintiff for declaratory judgment that its conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692f

49. Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were set forth at length.

50. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt by telephoning Plaintiff on three occasions, on the same day, regarding the Byrom debt without ever sending Plaintiff correspondence regarding the debt, which should have included various notices and rights pursuant to 15 U.S.C. §1692g(a)(3)(4)(5).

51. By reason thereof, CRESTWOOD is liable to Plaintiff for a declaratory judgment that its conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each count as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Pre-Judgment interest;

(e) Post-Judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
January 8, 2015

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

        */s/ Benjamin J. Wolf*
        Benjamin J. Wolf (BW-3338)
        Law Offices of Joseph K. Jones, LLC
        375 Passaic Avenue, Suite 100
        Fairfield, New Jersey 07004
        (973) 227-5900 telephone
        (973) 244-0019 facsimile
        bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

        */s/ Joseph K. Jones*
        Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 8, 2015

        */s/ Joseph K. Jones*
        Joseph K. Jones